Filed 9/12/24  P. v. Murillo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE DAVID MURILLO,<br><br>    Defendant and Appellant. | F086398<br><br>(Super. Ct. No. MCR056744B)<br><br><br>**OPINION** |

**THE COURT**\*

APPEAL from an order of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Smith, J. and DeSantos, J.

Appellant Jorge David Murillo appeals following the denial of his petition for resentencing under Penal Code section 1172.6.[1]  The parties agree that the trial court erred in denying appellant's petition at the prima facie stage of the statutory proceedings.  Upon review of the record and arguments, we accept the parties' positions and therefore reverse the trial court's order and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant's criminal case arose out of a 2017 robbery and murder involving appellant, James Ridge, and Kahlid Ramsey.  Appellant and Ramsey were both charged with murder committed during the course of a felony.  Appellant pleaded guilty to one count of first degree murder in 2018.  Under the terms of the plea agreement, appellant agreed to testify truthfully in Ridge's trial in exchange for the right to withdraw his plea and enter a new plea to modified charges, resulting in a stipulated sentence of 18 years in prison instead of a term of 25 years to life.

In September 2018, after testifying as required, appellant successfully withdrew his initial plea and entered a guilty plea to a changed set of offenses, including voluntary manslaughter.  Approximately a year later, in 2019, appellant again moved to withdraw his plea.  This time, appellant argued that Senate Bill No. 1437 (2017–2018 Reg. Sess.), the precursor to what is now Penal Code section 1172.6, justified the withdrawal.  The trial court denied this motion and appellant was eventually sentenced in line with his modified plea agreement.  In denying the motion, the trial court concluded the statute was unconstitutional, appellant was ineligible, and that appellant was a major participant in the robbery who acted with reckless indifference to human life.

In January 2022, appellant filed a petition for resentencing under section 1172.6.  Although no briefing was filed, the matter was set for an order to show cause hearing in August 2022.  At that hearing, appellant stated he wished to withdraw his petition.  The

---

[1]     Undesignated statutory references are to the Penal Code.

trial court stated it would allow the withdrawal, but only on the condition that the petition be denied with prejudice. Appellant agreed and the court dismissed the petition with prejudice.

On January 12, 2023, appellant filed a new petition for resentencing under section 1172.6. On March 22, 2023, the trial court denied the petition, without appointing counsel or ordering briefing, on the ground appellant's "Petition for Resentencing was dismissed with prejudice on August 29, 2022." This appeal timely followed.

## DISCUSSION

The parties contend that the core issue in this case is whether the trial court could properly dismiss appellant's January 2022 petition with prejudice in light of appellant's request to withdraw the petition and eventual acceptance of a with prejudice dismissal as a condition. The People note a lack of statutory law supporting a "with prejudice" dismissal of a petition under section 1172.6 and further concede that the common law's existing bases for a court's inherent authority to grant a dismissal with prejudice do not apply in this case. Based on this concession, the People agree that the trial court could not rely on the 2022 dismissal with prejudice to deny appellant's petition at the prima facie stage.

### *Standard of Review*

Under the resentencing statute, a "person convicted of … manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's … conviction vacated and to be resentenced … when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime .…

3.

"(2) The petitioner … accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder .…

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

The prosecutor shall file and serve a response, generally within 60 days, and after "the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the petitioner makes a prima facie showing of eligibility the trial court is required to issue an order to show cause and to hold a hearing to determine whether to vacate the conviction and resentence the petitioner. (§ 1172.6, subds. (c), (d)(1).) "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (*Id*., subd. (d)(3).)

"We review the court's prima facie inquiry de novo." (*People v. Williams* (2024) 103 Cal.App.5th 375, 387.)

### *The Trial Court's Ruling Was Improper*

In this case, after appellant filed his petition, the trial court entered an order denying the petition on an assertion that appellant's prior petition had been dismissed with prejudice without permitting briefing or holding a hearing as required by section 1172.6, subdivision (c). In essence, the trial court reviewed the petition itself and found it insufficient. As explained by our Supreme Court with respect to the precursor to section 1172.6, this process was improper. The statute "does not envision a structure by which courts can make an initial determination without briefing and without the appointment of counsel." (*People v. Lewis* (2021) 11 Cal.5th 952, 966 (*Lewis*).) As noted, "some petitioners may … file petitions even when they are not eligible for relief.

4.

[The statute] is clearly not without expense. But it is for the Legislature to balance costs with rewards .…" (*Id*. at p. 968.) Indeed, at the prima facie stage, the inquiry is limited to determining whether, under the facts alleged, the petition would be entitled to relief if such facts were proved. (*Id*. at p. 971.)

Where a procedural error of this nature occurs, we review it under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, asking whether, without the error, it is reasonably probable the petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at p. 974.) In this case, the People do not argue the court could have independently applied collateral estoppel based either on the original 2019 hearing or the subsequent 2022 hearing at the prima facie stage. While the court takes no position on whether collateral estoppel could apply, or at what stage it may be raised, we accept the People's position for the purposes of this appeal. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [noting collateral estoppel argument may be forfeited if not affirmatively raised].)

Further, the People concede that because there is no statutory ground to dismiss with prejudice contained within section 1172.6, the trial court's authority to dismiss appellant's 2022 petition with prejudice rather than merely permit withdrawal of the petition, as requested, is limited to extreme circumstances where the petitioner's conduct is so severe and deliberate as to require dismissal, such as situations where "(1) the plaintiff has failed to prosecute diligently … ; or (2) the complaint has been shown to be 'fictitious or sham' such that the plaintiff has no valid cause of action." (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915, 917; see *People v. Farfan* (2021) 71 Cal.App.5th 942, 950 ["[S]ection [1172.6] contains no express bar to successive petitions."].) The People concede on appeal that such grounds do not exist in this case, where all appellant did was seek to withdraw his petition at the date of the show cause hearing. (See *Lewis*, *supra*, 11 Cal.5th at p. 968 [contemplating that appointed counsel may recommend withdrawing improper petitions].) Upon review, we accept the People's concession that

5.

the court's authority was limited in this instance and that, on the record before the court, the facts demonstrate a reasonable probability the petition would not have been summarily denied without an evidentiary hearing had the court followed the statutory procedures.[2]  We therefore find the error is not harmless in this case.

## DISPOSITION

The order is reversed and the matter remanded for further proceedings consistent with this opinion.

---

[2]  Appellant also argues any alleged waiver of his future right to file was not voluntary and intelligent.  The People do not respond to this point and the trial court did not discuss this issue in its dismissal.  We take no position on whether the right to file a future petition is a right which can be voluntarily waived.  We note for the purpose of this appeal that the supported argument of involuntariness also demonstrates a reasonable probability the petition would not have been summarily denied if briefing had been accepted.